IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION

AT NASHVILLE

**FILED**

**February 6, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

STATE OF TENNESSEE, DEPARTMENT )
OF HUMAN SERVICES, )
)
    Petitioner/Appellee, )
) Appeal No.
v. ) 01-A-01-9704-JV-00171
)
SYLVIA FETTEROLF FORD, ) Putnam Juvenile
) No. 215
    Respondent/Appellant, )
and )
STANLEY FETTEROLF, )
)
    Respondent/Appellant, )
In the Matter of: )
Stanley James Fetterolf, DOB    07/17/81 )
Teresa Diane Fetterolf, DOB    07/26/82 )
David Michael Fetterolf, DOB    09/20/84 )
Daniel Wayne Fetterolf, DOB    11/06/85 )
John Mark Wayne Fetterolf, DOB 05/28/88 )
Samuel Swayne Fetterolf, DOB    04/05/90 )
Daniela Jordan Fetterolf, DOB    04/15/92 )

# O R D E R

The State of Tennessee filed a petition to rehear in the above styled case on November 24, 1997. The State contends this court should rehear the case pursuant to Rule 39 of the Tennessee Rules of Appellate Procedure. Specifically, it contends our decision 1) conflicts with existing case law, 2) conflicts with a principle of law, and 3) overlooks a material fact upon which the parties were not heard. It is the opinion of this court that the motion is not well taken and, therefore, should be denied.

1.

The State argues the holding in *State Dep't of Human Servs. v. Tate,* No. 01-A-01-9409-CV-00444, 1995 WL 138858 (Tenn. Ct. App. 1995), conflicts with our decision in the present case. This argument is without merit. In *Tate*, the juvenile court determined the children were dependent and neglected, and the circuit court of the same county terminated the parental rights. On appeal, the defendant argued the circuit court lacked subject matter jurisdiction because the juvenile court issued a decision in the dependency and neglect case. This court held that the circuit court had jurisdiction and stated: "To preclude the circuit court from exercising jurisdiction over termination of parental rights proceedings on the basis of a previous finding of dependency and neglect would frustrate the clear legislative intent of Tennessee Code Annotated section 37-1-104(c)." *Tate*, 1995

WL 138858, at *3. This reasoning does not, however, apply to the facts of the instant case. To explain, Tennessee Code Annotated section 37-1-104(c) provides that circuit, chancery, and juvenile courts shall have concurrent jurisdiction to terminate parental rights. Tenn. Code Ann. § 37-1-104(c)(1996). This court noted in *Tate* that the defendant's position would, in essence, abolish the circuit court's concurrent jurisdiction. Our holding here in no way affects the jurisdiction of either the circuit or chancery courts since the case here involves two juvenile courts, not a juvenile and circuit or chancery court. Moreover, our decision conforms to the holding in *State Dep't of Human Servs. v. Gouvitsa*, 735 S.W.2d 452, 455-56 (Tenn. Ct. App. 1987) as discussed in our opinion. Finally, we note that in deciding this case we have addressed an issue very different from that addressed by the court in *Tate*.

### 2. and 3.

Our decision in this case rests on the jurisdictional issue, not venue. That portion of the opinion relating to venue simply stated that the court could not determine the venue issue given the conflicting testimony and that due process rights favor a petitioner bringing a termination proceeding in the county in which the parents and the children made a home before the petitioner instituted the court proceedings. As to the jurisdictional issue, this court held that the Putnam County Juvenile Court lacked jurisdiction because the Overton County Juvenile Court's jurisdiction had attached and continued. Because the State's second and third arguments apply to the venue issue it is not necessary for the court to address them.

Therefore, it follows that the petition to rehear is denied and the costs are taxed to the petitioner/appellee, State of Tennessee, Department of Human Services.

ENTER:_____

_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WALTER W. BUSSART, JUDGE